1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| PUGET SOUNDKEEPER ALLIANCE, RE SOURCES FOR SUSTAINABLE COMMUNITIES | Case No. 17-01188-RSL |
|---|---|
| Plaintiffs, | **CONSENT DECREE** |
| v. | |
| CARGILL, INC. d/b/a CARGILL ANIMAL NUTRITION, FERNDALE GRAIN, | |
| Defendant. | |

## I.    STIPULATIONS

Plaintiffs Puget Soundkeeper Alliance and RE Sources for Sustainable Communities (together, "Soundkeeper") sent a sixty day notice of intent to sue letter to Defendant Cargill, Inc., d/b/a Cargill Animal Nutrition and/or Ferndale Grain ("Cargill") on May 24, 2017, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Cargill's Facility in Ferndale, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs.

Soundkeeper and Cargill agree that settlement of these matters is in the best interests of the parties and the public, and that entry of this Consent Decree is the most appropriate means of

CONSENT DECREE: No. 17-01188-RSL
p. 1

1   resolving this action.

2   Soundkeeper and Cargill stipulate to the entry of this Consent Decree without trial,

3   adjudication, or admission of any additional issues of fact or law regarding Soundkeeper's claims

4   or allegations set forth in its complaint and its sixty-day notice.

5   DATED this November 2, 2017

6   CARGILL, INC.

7

8   By _____
9   Mark Lueking
    Title: Managing Director, Cargill Feed
10  & Nutrition

11

12  PUGET SOUNDKEEPER ALLIANCE            RE SOURCES FOR SUSTAINABLE COMMUNITIES

13
    By _____         By _____
14  Chris Wilke                          Crina Hoyer
    Title: Executive Director &          Title: Executive Director
15  Soundkeeper

16

17                          II.    ORDER AND DECREE

18      THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of

19  Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations

20  and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as

21  follows:

22      1.      This court has jurisdiction over the parties and subject matter of this action.

23      2.      Each signatory for the parties certifies for that party that he or she is authorized to

24  enter into the agreements set forth below.

25      3.      This Consent Decree applies to and binds the parties and their successors and

26  assigns.


CONSENT DECREE: No. 17-01188-RSL                    SMITH & LOWNEY, P.L.L.C.
p. 2                                                2317 EAST JOHN ST.
                                                    SEATTLE, WASHINGTON 98112
                                                    (206) 860-2883

4.      This Consent Decree applies to the operation, oversight, or both by Defendant Cargill of its Facility at 5744 3rd Ave, Ferndale, Washington (the "**Facility**"). Attachment A is a depiction of the Facility that identifies areas discussed in this Consent Decree. The provisions of this Consent Decree do not concern the use of the lot to the north of the Facility, across Washington Street, which is used by third parties in the course of business with Cargill but not owned or managed by Cargill.

5.      This Consent Decree is a full and complete settlement of the claims in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, other than those concerning the lot to the North of the facility, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387. These claims are released and dismissed with prejudice.  Enforcement of this decree is Soundkeeper's exclusive remedy for any violation of its terms.

6.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations.

7.      Cargill agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

a.      Cargill will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR000355 (the "**NPDES permit**") and any successor, modified, or replacement permit;

b.      Cargill will install additional treatment as described in an engineering report submitted to the Washington State Department of Ecology ("Ecology") dated May 15, 2017. Ecology has not commented on Cargill's engineering report or plan to install additional treatment. Cargill will complete installing and begin operating the additional treatment no later than October 31, 2017;

c.      Cargill will replace filter media in downspout filtration treatment units for

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

the facility as needed;

    d.     Cargill will repair and replace asphalt when erosion or damage in an area exceeds a 3" depth and is at least 18"x18" wide. Cargill will limit its annual expenditure for asphalt repair or replacement under this Consent Decree to $15,000 for the remainder of this calendar year and $6,000 per calendar year for future years. This paragraph applies to Facility areas "in-use" for production and truck traffic only and does not apply to Facility areas no longer in use nor does it apply to the property East of the tracks or on the rail spur. Cargill will add inspection of asphalt conditions to its monthly stormwater inspection forms;

    e.     Cargill will continue using its onsite mechanical sweeper operated by Cargill personnel on an "as-needed" basis. Cargill will contract to have the Facility vacuum swept monthly, November through April, and quarterly during the remainder of the year, or more frequently as Cargill determines is needed. Cargill will have its contractor vacuum sweep Area A (defined as the area south of Cargill buildings on 3rd Avenue where stormwater does not drain to the treatment system) once to remove any accumulated solids. If Cargill resumes using Area A to store materials which may pollute stormwater, Cargill will resume sweeping Area A on the same schedule as the rest of the Facility;

    f.     Cargill will promptly file a Notice of Intent with Ecology to update the Ferndale Facility's permit coverage to add SIC code 2048 (Prepared Feed and Feed Ingredients for Animals and Fowls, Except Dogs and Cats) to their activity under the ISGP;

        i.     Cargill will begin sampling for the parameters associated with SIC code 2048, biochemical oxygen demand 5-day, nitrate and nitrite nitrogen, and phosphorous, beginning the Fourth Quarter 2017;

        ii.    For any parameters that exceed benchmark values reported to Ecology

CONSENT DECREE: No. 17-01188-RSL
p. 4

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

on Cargill's Fourth Quarter 2017 Discharge Monitoring Report (DMR) Cargill will thereafter sample such parameters monthly for twelve months, weather permitting. If the results for Cargill's accelerated sampling for any such parameter meet the benchmark value in two consecutive months, Cargill will resume sampling for each such parameter on a standard quarterly schedule;

g.     Cargill will sample treated effluent from roof drain downspout filter units in Area A quarterly and provide those results to Soundkeeper beginning the first stormwater monitoring event after new filter media is installed in the downspout units. Cargill will install new filter media in the downspout units in Area A by October 31, 2017. Cargill will subsequently replace downspout filter media in Area A when zinc levels exceed 90% of the allowable benchmark, and replace such media within 30 days of receiving the exceeding lab results;

h.     Not later than October 31, 2017, Cargill will paint or remove the South Wall and the galvanized shed in the southernmost area of the facility;

i.     Not later than October 31, 2017, Cargill will treat the discharge from downspout filters on the building along Second Street either with downspout filters or redirecting the drainage to Cargill's centralized treatment system;

j.     Not later than October 31, 2017, Cargill will implement applicable BMPs on the lot on the East of the facility;

k.     Not later than October 31, 2017, Cargill will amend its stormwater pollution prevention plan *("SWPPP")* to:

i.     Include the Facility's additional treatment system;

ii.     Include filter media replacement for the facility including the southernmost area;

iii.     Include the potential pollutant sources, parameters sampled,

CONSENT DECREE: No. 17-01188-RSL
p. 5

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

monitoring for additional parameters; and applicable BMPs to reflect those added by SIC code 2048;

iv. Expand on the description of material handling;

v. Add the lot on the East of the facility to the SWPPP including applicable BMPs;

l. Cargill will forward all documentation evidencing compliance with the above terms to Soundkeeper on a quarterly basis for one year; and

m. Cargill will forward all correspondence to and from the Department of Ecology, and all documents provided to the Department of Ecology, related to the NPDES Permit, to Soundkeeper on a quarterly basis for two years following entry of this Decree.

8. Not later than 7 days after the entry of this Consent Decree, Cargill will pay $70,000 (SEVENTY THOUSAND DOLLARS) to the Rose Foundation for Communities and the Environment as described in **Attachment B** to this Consent Decree, for environmental benefit projects benefitting the Puget Sound/Salish Sea. Payment will be made to the order of and delivered to The Rose Foundation for Communities and the Environment. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, PSA v. Cargill Inc." A copy of each check and cover letter, if any, shall be sent simultaneously to Soundkeeper.

9. Cargill will pay Soundkeeper's reasonable attorney and expert fees and costs in the amount of $37,584.16. Payment will be made within 7 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Richard Smith. This payment is full and complete satisfaction of any claims Soundkeeper may have under the Clean Water Act for fees and costs.

10. A force majeure event is any event outside the reasonable control of Cargill that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Cargill notifies Soundkeeper of the

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1   event; the steps that Cargill will take to perform the task; the projected time that will be needed to

2   complete the task; and the measures that have been taken or will be taken to prevent or minimize

3   any impacts to stormwater quality resulting from delay in completing the task.

4        Cargill will notify Soundkeeper of the occurrence of a force majeure event as soon as

5   reasonably possible but, in any case, no later than ten days after the occurrence of the event.  In

6   such event, the time for performance of the task will be extended for a reasonable period of time

7   following the force majeure event.

8        By way of example and not limitation, force majeure events include

9         a.      Acts of God, war, insurrection, or civil disturbance;

10        b.      Earthquakes, landslides, fire, floods;

11        c.      Actions or inactions of third parties over which defendant has no control;

12        d.      Restraint by court order or order of public authority;

13        e.      Strikes; and

14        f.      Litigation, arbitration, or mediation that causes delay.

15      11.    This court retains jurisdiction over this matter. And, while this decree remains in

16  force, this case may be reopened without filing fee so that the parties may apply to the Court for

17  any further order that may be necessary to enforce compliance with this decree or to resolve any

18  dispute regarding the terms or conditions of this decree. In the event of a dispute regarding

19  implementation of, or compliance with, this decree, the parties must first attempt to resolve the

20  dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.

21  Such a meeting should be held as soon as practical but must be held within thirty (30) days after

22  notice of a request for such a meeting to the other party and its counsel of record.  If no resolution

23  is reached at that meeting or within thirty (30) days of the notice, whichever occurs first, either

24  party may file a motion with this court to resolve the dispute. The provisions of section 505(d) of

25  the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including

26  reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party,

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

shall apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12.     The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the signing of this Consent Decree by the parties, Soundkeeper shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

13.     This Consent Decree takes effect upon entry by the court. It terminates two years after entry by the court.

14.     All parties have participated in drafting this decree.

15.     This Consent Decree may be modified only upon the approval of the court.

16.     If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17.     Notifications required by this Consent Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail.  For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 16.

**if to Soundkeeper:**

Katelyn Kinn (katelyn@pugetsoundkeeper.org)
Puget Soundkeeper Alliance

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

2

130 Nickerson Street, Suite 107
Seattle, WA 98109

**and to:**

3

4

Lee First (leef@re-sources.org)
RE Sources for Sustainable Communities
2309 Meridian St.
Bellingham, WA 98225

5

6

**and to:**

7

Smith & Lowney PLLC (richard@smithandlowney.com)
2317 East John St.
Seattle, WA 98112

8

9

**if to Cargill:**

10

11

Katie Roek (Katie_Roek@cargill.com)
Cargill, Inc.
15407 McGinty Rd.W, MS-24
Wayzata, MN 55391

12

13

14

15

16

17

18

19

20

21

A notice or other communication regarding this Consent Decree will be effective when
received unless the notice or other communication is received after 5:00 p.m. on a business day,
or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the
next business day.  A notice or other communication will be deemed to have been received: (a) if
it is delivered in person or sent by registered or certified mail or by nationally recognized
overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the
receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a
change in address for which no notice was given, then upon that rejection, refusal, or inability to
deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing
notice or other communication regarding this Consent Decree.

22

23

24

25

26

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

DATED this 6ᵗ day of Feb. , 2018.

2

3

4 _____
HON. ROBERT S. LASNIK
5 UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883



LANDAU ASSOCIATES, INC. | G:\Projects\1225\002\060\061\F02.SiteMapandSWDrainage.dwg (A) "Figure 2" 10/30/2017

# ATTACHMENT A

WASHINGTON STREET

Liquid Storage Tanks within
Secondary Containment

BUILDING

P1

SILO

SILO

BOILER
BUILDING

Covered Truck Loading

MASH
PLANT

Rail Loading

THIRD STREET

Covered Truck Loading

P2

PIT
SUMP

Line is Plugged
and not Functional

CONC
PAD

SOY
WAREHOUSE

BUILDING

RECORDS
STORAGE

SECOND STREET

BURLINGTON
WAREHOUSE

Discharge
Location "B"

P3

SHOP
BUILDING

Drainage Ditch/Pond
with No Discharge
to Surface Water

COTTON
SEED
BUILDING

Drainage modifications for the
Stormwater Treatment system
and stormwater sampling location
are shown on Figure 5.

RAIL ROAD RIGHT
OF WAY CENTERLINE

P4

SACK
WAREHOUSE

AREA A

## Legend

☐  Catch Basin
– – – –  Property Line
—— SD ——  Drainage Path Based On Recent Survey
—— ◇ ——  Estimated Drainage Path
—+—+—  Railroad Tracks

## Notes

1.  Black and white reproduction of this color original
    may reduce its effectiveness and lead to incorrect
    interpretation.

Source: David Evans and Associates, INC. 2001, City of Ferndale 2012; Aerial Photo: Google Earth Pro 2010

0    60    120
Scale in Feet

LANDAU
ASSOCIATES

SWPPP - Cargill Ferndale
Ferndale, Washington

**Site Map
and Stormwater Drainage**

Figure
2

# ATTACHMENT B



**ROSE FOUNDATION** for COMMUNITIES and the ENVIRONMENT

WWW.ROSEFDN.ORG

1970 BROADWAY, SUITE 600, OAKLAND, CA 94612-2218
ROSE@ROSEFDN.ORG

OFFICE: 510.658.0702
FAX: 510.658.0732

October 23, 2017

Thomas Swegle
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Puget Soundkeeper Alliance v. Cargill, Inc. (Case No. 17-0118-RSL)

Dear Mr. Swegle,

This letter is intended to provide assurance that I have received the Consent Decree between Puget Soundkeeper Alliance and Cargill, Inc. and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Cargill, Inc. as specified in the Consent Decree.

2) The Rose Foundation shall only use these Cargill, Inc. funds for environmentally beneficial project or projects to improve or protect the water quality of Puget Sound waters and the Salish Sea, with a focus on connected tributaries north of Bellingham including the Nooksack River, with a preference in the Lummi River watershed. The fund should be dispersed through the Rose Foundation's Puget Sound Stewardship & Mitigation Fund, a grantmaking fund, which is wholly dedicated to supporting projects which benefit the water quality of Puget Sound.

3) Due to the disproportionate impact of pollution from facilities such Cargill, Inc. to low-income neighborhoods and communities of color, the Rose Foundation's policy is to prioritize projects from these neighborhoods in selecting grantees.

4) After the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**

The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

• Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Rose Foundation does not support lobbying activities that are prohibited by

Section 501(c)(3) of the IRS Code, and no portion of the Cargill, Inc. funds shall be used to support any political lobbying activities whatsoever.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.
- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.
- Protect the natural environment, public health, and community and consumer rights.
- Promote collaboration between labor, environmental, business, consumer and social interests.
- Cultivate a new generation of environmental stewards and social policy leaders.
- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little, Executive Director